A01A2444. IN THE INTEREST OF D. W. A. et al., children.
(559 SE2d 100)

SMITH, Presiding Judge.

The mother of D. W. A., J. W. A., K. D. A., and H. W. A. appeals from the order of the Floyd County Juvenile Court terminating her parental rights in the children. In her sole enumeration of error, she contends that insufficient evidence was presented to support the termination of her rights. We do not agree and affirm.

The decision to terminate parental rights is a two-step process. The juvenile court must first determine whether clear and convincing evidence exists of parental misconduct or inability. If such evidence exists, the court then considers whether termination of the parent's rights is in the best interests of the children, after considering the physical, mental, emotional, and moral condition and needs of the children who are the subject of the proceeding, including their need for a secure and stable home. OCGA § 15-11-94 (a).

Parental misconduct or inability is demonstrated by showing that the criteria listed in OCGA § 15-11-94 (b) (4) (A) have been met. These criteria are: (i) that the children are deprived; (ii) that lack of

proper parental care or control is the cause of the children's deprivation; (iii) that this cause of the children's deprivation is likely to continue or will not likely be remedied; and (iv) that the continued deprivation will cause or is likely to cause serious physical, mental, emotional, or moral harm to the children. Id. These same factors may also support a finding that terminating the parent's rights is in the children's best interests. *In the Interest of C. N. H.*, 238 Ga. App. 50, 53-54 (2) (517 SE2d 589) (1999). When this court reviews a decision terminating parental rights, we view the evidence in a light most favorable to the appellee. *In the Interest of A. M. V.*, 222 Ga. App. 528, 529 (474 SE2d 723) (1996). The standard of review on appeal is whether, viewing the evidence in this light, a rational trier of fact could have found by clear and convincing evidence that the natural parent's rights should be terminated. We are bound to defer to the trial court's findings of fact and to affirm unless this standard is not met. *In the Interest of J. O. L.*, 235 Ga. App. 856 (510 SE2d 613) (1998).

The record shows that in this case all four factors were met. The Floyd County Department of Family & Children Services (DFACS) became involved with these children, twin boys and two girls, in 1996. In May 1998, the mother informed a caseworker that she could no longer care for her children. A "safety plan" was initiated, under which the mother agreed to telephone 911 if she felt she was about to lose control of her anger around the children. The mother called 911 on May 26, 1998, requesting that the police come and get her children because she was afraid she would hurt them if left with her. When the police arrived, they found that the mother had knocked two holes in the wall, and the youngest child was in need of medical care.

On June 2, 1998, DFACS filed a deprivation petition. After a hearing, the juvenile court entered an order finding the children deprived. The children were placed in DFACS's temporary legal custody. On June 10, 1998, the two girls were returned to the mother's physical custody. Subsequently, the mother and the girls began living with her boyfriend in government-subsidized housing. Domestic violence occurred, and the boyfriend was arrested on drug charges. The family was evicted from their home. The two girls were again removed from the mother's custody, and the juvenile court entered a protective order and later ordered the boyfriend to comply with a case plan.

A reunification plan was adopted, under which the mother was required to cooperate with DFACS, maintain a close connection with her children, attend parenting skills classes, attend individual and family therapy sessions with the boys, maintain a safe and stable home with room for all her children, obtain her GED, seek employ-

ment, and provide adequate supervision for the children at all times. DFACS's temporary legal custody was extended by written orders. The mother, however, failed to comply with her case plan goals, and DFACS then filed a petition to terminate her parental rights.[1] After conducting hearings, during which ten witnesses testified, including the mother, the juvenile court entered written orders terminating the parental rights of the mother and all putative fathers.

The juvenile court's order finding the children deprived was not appealed. The mother is therefore bound by the juvenile court's determination of deprivation. See *In the Interest of J. S. G.*, 242 Ga. App. 387, 388 (1) (529 SE2d 141) (2000). The fact that this deprivation was caused by lack of parental care or control was shown clearly. In cases in which children are not in the parent's custody, in determining whether the children are without proper parental care or control, a juvenile court is to consider the factors enumerated in OCGA § 15-11-94 (b) (4) (C) (i) through (iii). Here, the evidence presented at the termination hearing established that the mother did not provide for the children's care or support or comply with her case plan goals. Although she received over $5,000 in an insurance settlement, she paid no child support for the children while they were in the temporary legal custody of DFACS. The mother did not cooperate with parent aides or maintain consistent contact with personnel assigned to her case. She did complete parenting classes, but she failed to follow through with either individual therapy or family therapy with the boys, missing many of the appointments. She also missed scheduled visitations with the children and often provided no excuse. She did not obtain her GED or stable employment. She did not obtain a safe and stable home for herself and her children. She continued to reside with the boyfriend who had been abusive to her and the children, who had been arrested on drug charges, and who refused to comply with the case plan prepared for him. The second factor was therefore satisfied.

It is well established that in determining whether the cause of the children's deprivation is likely to continue, the juvenile court may look at the past actions of the parent. *In the Interest of D. S.*, 247 Ga. App. 569, 573 (545 SE2d 1) (2001). This inference is appropriate, because the juvenile court is not required to reunite the children with the mother to obtain current evidence regarding deprivation. Id. See also *In the Interest of E. C.*, 225 Ga. App. 12, 16 (482 SE2d 522) (1997). Given the mother's failure to complete the goals of her case plan, the juvenile court was authorized to find that the children's

---

[1] The petition also sought to terminate the parental rights of the putative fathers of all four children. K. D. A.'s father voluntarily surrendered his rights. None of the fathers is involved in this appeal.

deprivation would likely continue if reunited with their mother. Id. This is further borne out by evidence that the girls were returned to their mother once, only for DFACS to be forced to remove them again because of the presence of the mother's boyfriend.

Further, a licensed psychologist testified at the hearing that she had evaluated the boys and that they had extensive psychological problems and special needs. They were diagnosed with AD/HD hyperactivity and oppositional defiant disorder. This witness testified that if the boys were to be returned to a caretaker such as their mother, their disorders would increase in severity. The twins' foster mother testified that they were doing well, but that their behavior regressed when they returned from visits with their mother. The boys also reported that they had been abused during an unsupervised visit with their mother, and DFACS verified these allegations. This evidence supports the juvenile court's finding that continued deprivation would cause great harm to the children and that terminating the mother's rights was in their best interests. It is abundantly clear that sufficient evidence was presented to authorize a rational trier of fact to find that the mother's rights have been lost.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED JANUARY 17, 2002.

*William H. Newton III*, for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen S. Nelson, Assistant Attorney General, Holly A. Bradfield*, for appellee.