A02A2198. IN THE INTEREST OF K. S. et al., children.

(572 SE2d 710)

PHIPPS, Judge.

This is an appeal from a juvenile court order terminating the mother's parental rights to her two minor children. Appellant challenges the sufficiency of the evidence to warrant termination of her parental rights. Finding the evidence sufficient, we affirm.

When this court reviews a decision terminating parental rights, we view the evidence in a light most favorable to the appellee. [Cit.] The standard of review on appeal is whether, viewing the evidence in this light, a rational trier of fact

could have found by clear and convincing evidence that the natural parent's rights should be terminated.[1]

Viewed in accordance with the above standard, the evidence showed that in October 1999, the Douglas County Department of Family & Children Services (DFACS) removed appellant's seven-year-old daughter and her nine-year-old son from her and her husband's home because of appellant's emotional instability and the educational deprivation of the children. The son had not attended school for two years, and the daughter had been removed from school for a semester.

When taken into custody by DFACS, the daughter was nonverbal. A psychological evaluation performed on the son indicated that he had pervasive developmental disorders, psychotic disorder, and chronic post-traumatic stress disorders; that he functioned academically at the kindergarten level or below; and that he was significantly impaired in the areas of adaptive behavior, social interaction, and communication. (A later evaluation indicated moderate mental retardation.)

The father appeared before the juvenile court and consented to the termination of his parental rights. Reunification case plans developed by DFACS and adopted by the juvenile court required the mother to, among other things, obtain and maintain stable housing and employment, enroll in a parenting class, support the children financially, maintain her emotional bond with the children, attempt to obtain transportation, and obtain psychological and psychiatric evaluations and mental health treatment.

The psychological evaluation of appellant revealed a diagnosis of mood and borderline personality disorders, a need for psychopharmacology consultation to obtain medication to stabilize her mood, and a need for long-term psychotherapy. The psychologist recommended that appellant submit to psychiatric evaluation for psychotropic medication as well as individual and group therapy. The juvenile court also ordered psychological and psychiatric treatment for appellant. Appellant refused to submit to mental health treatment. She told the DFACS caseworker that "she didn't feel that she needed it."

Between October 1999 and June 2001, appellant reported that she had changed employment several times. In August 2000, she was incarcerated for one month on a terroristic threat charge, and, in July 2001, she was sent to jail for six months for a forgery conviction. Although appellant claimed that she had been working since her release from incarceration, the caseworker testified that she had

---

[1] *In the Interest of D. W. A.*, 253 Ga. App. 346, 347 (559 SE2d 100) (2002).

been informed appellant was not working. The caseworker further testified that appellant had reported that, while the children were in DFACS custody, she lived in at least seven different places including a motel and car. Appellant refused to pay child support while the children were not in her care.

There is, however, evidence that appellant loves the children and has bonded with them. She successfully completed a parenting class. And while the children were in DFACS custody, she visited and corresponded with them. But she made inappropriate comments during visits, and, after seeing her, her son became agitated and his behavior regressed. Thereafter, her visits with her son were required to be supervised, but appellant did not attend the supervised visits that were scheduled. During the six months appellant was incarcerated, the children's condition improved.

The hearing to terminate parental rights was held in April 2002. Evidence presented showed that the daughter was in a special education class, had become very verbal, had many friends, and was above average intellectually. She had been in a single foster home, and her foster parents would consider adopting her. The son had been placed in numerous foster homes as a result of his violent and harmful behavior. But, at the time of the hearing, he was in a therapeutic foster home, where he was doing very well. He was also in an elementary school special education program. He received counseling on a weekly basis, and, for his psychotic disorder, he was taking psychotropic medications prescribed by a psychiatrist. According to his caseworker, he will continue to need medication, counseling, special educational services, and a therapeutic environment in which to live. The guardian ad litem recommended that appellant's parental rights be terminated.

Under OCGA § 15-11-94 (a),

[t]he decision to terminate parental rights is a two-step process. The juvenile court must first determine whether clear and convincing evidence exists of parental misconduct or inability. If such evidence exists, the court then considers whether termination of the parent's rights is in the best interests of the children, after considering the physical, mental, emotional, and moral condition and needs of the children who are the subject of the proceeding, including their need for a secure and stable home.[2]

Parental misconduct or inability is demonstrated by showing that the criteria listed in OCGA § 15-11-94 (b) (4)

---

[2] Id. at 346.

(A) have been met. These criteria are: (i) that the children are deprived; (ii) that lack of proper parental care or control is the cause of the children's deprivation; (iii) that this cause of the children's deprivation is likely to continue or will not likely be remedied; and (iv) that the continued deprivation will cause or is likely to cause serious physical, mental, emotional, or moral harm to the children. [Cit.][3]

In determining whether the child is without proper parental care and control where the child is not in the custody of the parent, OCGA § 15-11-94 (b) (4) (C) requires the court to consider

> whether the parent without justifiable cause has failed significantly for a period of one year or longer prior to the filing of the petition for termination of parental rights: (i) [t]o develop and maintain a parental bond with the child in a meaningful, supportive manner; (ii) [t]o provide for the care and support of the child as required by law or judicial decree; and (iii) [t]o comply with a court ordered plan designed to reunite the child with the parent or parents.

Although appellant claims to have complied with reunification case plans to the best of her ability, evidence submitted by DFACS showed a significant failure by her to achieve compliance. She failed to maintain stable housing or employment, which can be partly attributed to her incarcerations. She refused to provide financial support for the children or to submit to mental health treatment. Construed in a light most favorable to appellee, the evidence authorized the juvenile court to find by clear and convincing evidence that the children are deprived;[4] that lack of proper parental care is the cause of the deprivation; that this cause of deprivation will likely continue or will not likely be remedied; and that continued deprivation will cause or is likely to cause serious mental or emotional harm to the children. Although appellant undoubtedly loves the children and has established an emotional bond with them, she did not provide them with the care the law requires while they were in her custody, and the evidence authorized the juvenile court to find that she lacks the ability to care for them now. The son has special needs which his mother is wholly unequipped to meet, and evidence was presented showing his behavioral regression after visiting with her.[5] The

---

[3] Id. at 346-347.

[4] In a prior, unappealed order, the children were adjudicated deprived. This establishes that they are deprived. *In the Interest of J. L. T.*, 241 Ga. App. 464, 469 (1) (524 SE2d 740) (1999).

[5] Compare *In the Interest of K. J.*, 226 Ga. App. 303, 308 (2) (b) (486 SE2d 899) (1997).

daughter has identifiable prospects for adoption.[6] The court was authorized to find that termination of appellant's parental rights would be in the children's best interests.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 15, 2002.

*Sonya Chachere-Compton*, for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen S. Nelson, Assistant Attorney General*, for appellee.

---

[6] Compare *In the Interest of D. F.*, 251 Ga. App. 859, 862 (555 SE2d 225) (2001).